IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **IN RE: PHILIPS RECALLED CPAP, BI-LEVEL PAP, AND MECHANICAL VENTILATOR PRODUCTS LITIGATION** | Master Docket: Misc. No. 21-1230 |
| | MDL No. 3014 |
| This Document Relates to: | |
| All cases and | |
| Carter v. Philips, #22-383<br>Dobbs v. Philips, #22-1469<br>Graham v. Respironics, #22-224<br>King v. Philips, #24-1693<br>McNiffe v. Bhutto, #23-2048<br>Murray v. Philips, #23-627<br>Papsun v. B. Braun, #23-1211<br>Roberts v. Philips, #23-1027<br>Traveras v. Philips, #22-652<br>Trueblood v. Philips, #23-1304<br>Vazquez v. Philips, #22-130 | |

**MEMORANDUM OPINION**

I.   Introduction

Pending before the court are numerous motions to remand individual personal injury cases to the respective transferor courts.[1]  Also pending is a motion (Misc. No. 21-1230, ECF No. 3113; crossfiled at Civ. No. 22-224, ECF No. 84) by the Graham plaintiffs to be relieved of

---

[1] The court endeavored to identify all pending remand motions in the Philips MDL.  Some were filed only at the individual case; some were filed only at the master docket (#21-1230); and others were properly cross-filed at both the individual and master dockets.  See PTO # 1 (ECF No. 4).  To be clear, the court will be setting oral argument for <u>all</u> remand motions, even if the case number is not listed above.

the deadlines in the Docket Management Order ("DMO") for Claims of Litigating Plaintiffs (Misc. No. 21-1230, ECF No. 2769).[2]

## II.   Background and Procedural History

The court has been presiding over MDL No. 3014 (the "Philips MDL") for several years. Cases asserting product defect claims against the Philips Defendants[3] were filed after the June 2021 recall of approximately 10,000,000 continuous positive air pressure ("CPAP") machines and other devices sold by Philips (the "Devices") and were transferred to this court by the Judicial Panel on Multidistrict Litigation. There have been substantial efforts to coordinate activities in the MDL to promote judicial economy, as well as efficiencies and economy for the parties.

In October 2023, the parties reported that a class settlement of the Economic Loss claims was reached in the Philips MDL. The court granted final approval of the class settlement of the Economic Loss claims in April 2024 (Misc. No. 21-1230, ECF Nos. 2735, 2736). In May 2024, the parties reached a class settlement of the medical monitoring claims.[4] On December 5, 2024, the court granted final approval of the medical monitoring class settlement (ECF Nos. 3053-3055). In May 2024, the parties reached a private (i.e., non-class) settlement of certain of the personal injury claims in the Philips MDL (ECF No. 2768). The personal injury settlement does not require court approval, although the court issued orders to effectuate the settlement process (ECF Nos. 2769-2771). The parties reported to the court on February 25, 2025, that the personal

---

[2] Notice of the deadlines in the Docket Management Order was also cross-filed at each of the individual cases.
[3] The Philips defendants are Koninklijke Philips, N.V., Philips North America LLC, Philips Holding USA, Inc., Philips RS North America LLC and Philips RS North America Holding Corp. For convenience, all the Philips entities will be referred to as "Philips."
[4] The individual medical monitoring claims were not affected by the settlement.

2

injury settlement is final. Philips made a $1,075,000,000 payment on March 14, 2025, to fund the settlement. In summary, the Philips MDL is substantially resolved.

There may be further proceedings involving, for example, users who opted out of the settlements or users whose medical conditions are not covered by the settlements. On May 9, 2024, the court entered a Docket Management Order ("DMO") (ECF No. 2769), which established deadlines for "litigating plaintiffs," i.e., persons whose personal injury claims were not resolved by the settlement. The DMO provided, in relevant part:

> Consistent with the Court's inherent authority to manage these proceedings, and in light of the Settlement Program agreed to after years of litigation and complex and extensive discovery and motion practice before this Court and the Special Masters, the Court finds it appropriate at this time to exercise its discretion to enter this Order to fairly, effectively and efficiently manage the cases of any Litigating Plaintiffs. *Id.* at 1.
>
> . . .
>
> Litigating Plaintiffs shall be bound by the requirements of this Order and shall fully comply with all obligations required by this Order. The Court expects complete and full compliance with this Order and reserves its ability to dismiss a Litigating Plaintiff's case with prejudice for failure to adhere to the terms of this Order. *Id.* at 2.
>
> . . .
>
> 3. District courts have inherent authority to manage their dockets. This is especially true in large litigations, such as this MDL. A district court's power extends to, for example, "controlling and scheduling discovery, including orders affecting disclosures and discovery under Rule 26 and Rules 29 through 37," "adopting special procedures for managing potentially difficult or protracted actions that may involve complex issues, multiple parties, difficult legal questions, or unusual proof problems," and "facilitating in other ways the just, speedy, and inexpensive disposition of the action." Fed. R. Civ. P. 16(c)(2)(F), (L) & (P).
>
> 4. This Court is granted wide discretion with regard to case management, and has the authority to streamline litigation in complex cases through rigorous Case Management Orders, particularly in mass tort cases.
>
> 5. The broad discretion afforded to the Court enables it to enter case management orders after substantial discovery has taken place in a mature mass

tort or multidistrict litigation where, as here, a defendant has taken steps to settle a significant portion of the claims pending against it. Many MDL courts have exercised their discretion and inherent authority to enter orders establishing discovery and other requirements for future cases filed against settling defendants in mass tort litigation.

. . .

10. If after the Registration Deadline, any cases remain for which a Litigating Plaintiff has moved to remand to state court, the Court will set a schedule for those motion(s), including oral argument, following the Registration Deadline."

. . .

20. The Court has entered this Order establishing requirements and setting deadlines for the purpose of ensuring that further pretrial litigation against the Defendants in this mature MDL will progress as smoothly and efficiently as possible. Should any Litigating Plaintiff fail to fully comply with the obligations of this Order, such Litigating Plaintiff's case is subject to dismissal with prejudice.

*Id.* at 1-4, 6, 12.

The DMO requires litigating plaintiffs to, among other things: (1) send notices to preserve relevant documents; (2) submit various information about their claims; and (3) submit an expert report opining that the plaintiff's injury was generally and specifically caused by a Recalled Device.  The deadline for providing information about the claims is April 1, 2025 and the deadline for expert reports is May 1, 2025.

III.   Discussion

  A. Motion for relief from DMO deadlines

In *Graham*, Civ. No. 22-224, the Graham plaintiffs ask the court to stay the deadlines in the DMO until after it rules on their motion to remand.  The Graham plaintiffs represent that they (a) did not "opt in" to the settlement; (b) have not been allowed to undertake any discovery of Philips; and (c) have not been able to obtain critical document production regarding their claims.

4

Philips filed a response in opposition to the motion (Misc. No. 21-1230, ECF No. 3194). Philips agrees the Grahams' remand motion is ripe for decision by the court, but opposes any stay of the DMO deadlines. As Philips correctly points out, DMO ¶ 10 provided that the court would <u>not</u> rule on remand motions until after the Registration Deadline expired. Philips argues that plaintiffs cannot show good cause for delaying their responses because the DMO was entered in May 2024 (almost a year ago) and requests only information that is within the Grahams' custody and control – i.e., it is not dependent upon discovery from Philips, or was made available to them by the Plaintiffs' leadership team. Philips emphasizes that the DMO was carefully negotiated and intended to provide an efficient process for all parties.

Plaintiffs' leadership team did not take a position on the merits of the motion, but filed a response (ECF No. 3157) to correct factual errors in the Grahams' filing. First, the leadership team conducted extensive discovery. The leadership team opined that the Grahams do not need that discovery to prepare and serve the information required by the DMO. *Id.* at 2. In addition, the leadership team offered to make the discovery available, but Graham's counsel indicated on February 6, 2025, that they would not access any of the discovery until after the court ruled on the remand motion. *Id.*

The motion for stay will be denied. The Grahams did not show good cause to delay their compliance with the deadlines in the DMO. As set forth in the DMO, this is a large, complex MDL and the deadlines were designed to create an efficient process for all participants. Creating individual exceptions and separate timelines could quickly become unmanageable. There is good reason to wait until after the DMO deadlines expire before the court rules on remand motions. If the motions are denied and this court has jurisdiction over the cases, it will be

important to consider whether there continue to be common issues that warrant continued management by this MDL transferee court prior to disposition or, if necessary, eventual remand. If a case settles prior to the court's ruling on the remand issue, the remand will be moot and ruling on a related remand motion would be a waste of resources for the court and parties.

As will be explained below, the court will be hearing oral arguments on all remand motions, including the subject-matter jurisdiction challenges, shortly after the DMO deadlines expire. If the court agrees with a plaintiff that the court lacks jurisdiction, that case will be remanded -- the plaintiff, however, will likely need to gather the evidence required by the DMO in any event. If the court determines that it may properly exercise jurisdiction over a case, the DMO deadlines will be enforceable and any plaintiff who fails to comply with those deadlines does so at his or her own risk. Of course, complying with the DMO deadlines does not waive any subject-matter jurisdiction challenge.

B.  Argument on remand motions

The Registration Deadline for the personal injury settlement was January 31, 2025. It is unclear, at this time, how many remand motions will remain pending. At a status conference on February 25, 2025, the court was informed that several individuals with pending remand motions are participating in the settlement, which would make remand moot.

In accordance with DMO ¶ 10, the Court must set a schedule for any remaining remand motions, including oral argument, following the Registration Deadline. The court will hear argument on all remand motions on May 6, 2025, immediately following the status conference. That date will allow the court and parties to confirm that litigating plaintiffs complied with all the deadlines in the DMO.

The oral arguments will be in person, unless good cause is shown for the court to hear an argument by video (i.e., the plaintiff is incarcerated). *See* PTO # 10 (ECF No. 464). Motions for which no argument is presented in person will be resolved on the briefing. Counsel shall meet and confer prior to the May 6, 2025, arguments to develop a schedule for each motion and attempt to combine common issues to promote efficiency.

IV.     Conclusion

For the reasons set forth above, the motion by the Graham plaintiffs to be relieved of the deadlines in the DMO (Misc. No. 21-1230, ECF No. 3113; crossfiled at Civ. No. 22-224, ECF No. 84), will be DENIED. Oral argument on all remaining remand motions will be heard on May 6, 2025.

An appropriate order will be entered.

Dated: March 21, 2025

BY THE COURT:

/s/ Joy Flowers Conti
Joy Flowers Conti
Senior United States District Court Judge